```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

JODY ANN LOWENSTERN,            )
        Plaintiff,              )
                                )
     v.                         )
                                )   C.A. No. 11-11760-MLW
RESIDENTIAL CREDIT SOLUTIONS,   )
NEW YORK COMMUNITY BANK,        )
        Defendants.             )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                      February 24, 2013

I.   INTRODUCTION

Plaintiff Jody Ann Lowenstern brings this action to void her former mortgage and to set aside the foreclosure sale of her previous home. Plaintiff alleges that defendants Residential Credit Solutions, Inc. ("Residential") and New York Community Bank ("NYCB") acquired her mortgage through a pattern of fraud and misrepresentation and that, ultimately, they foreclosed on her home in violation of Massachusetts foreclosure law and the Fair Debt Collection Practices Act, 18 U.S.C. §1692, et seq. (the "FDCPA"). At the commencement of this action, plaintiff was a debtor in a Chapter 13 bankruptcy case and sought to disallow the secured bankruptcy claim asserted by AmTrust Bank ("AmTrust"), the original holder of her mortgage, before the Bankruptcy Court.

Defendants have moved to dismiss the plaintiff's Amended Complaint ("Amended Complaint") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss"). Plaintiff opposes dismissal of counts one and two, but assents to

1

dismissal of count three as moot. Defendants have moved to strike plaintiff's opposition to the Motion to Dismiss as untimely (the "Motion to Strike").

For the reasons described below, the Motion to Dismiss is being allowed. Specifically, plaintiff's fraud claim does meet the pleading requirements imposed by Federal Rule of Civil Procedure 9(b), the Amended Complaint does not state a claim for wrongful foreclosure upon which relief can be granted, and plaintiff has not stated an entitlement to relief for disallowance of the secured bankruptcy claim. The court has considered the arguments presented in plaintiff's opposition to the Motion to Dismiss and, therefore, defendants' Motion to Strike is moot.

II. BACKGROUND AND PROCEDURAL HISTORY

The following facts are drawn from the Amended Complaint. Additional details derived from the Amended Complaint are discussed in the analysis of plaintiff's claims.

Plaintiff was the former owner of 151 Jackson Street in Newton, Massachusetts (the "Property"). Am. Compl. ¶3. Between 2004 and 2007, the Property was subject to a series of mortgages held by various lenders. See id. ¶¶13-19, 24. The mortgage at issue in this case was held by AmTrust, which acquired the mortgage and the note in April 2008. See id. ¶¶23-24. In December 2009, AmTrust was closed by the Office of Thrift Supervision and brought into receivership by the Federal Deposit Insurance Corporation (the

"FDIC"). See id. ¶26.

On December 4, 2009, the FDIC sold some assets held by AmTrust to NYCB. See id. ¶¶36, 38. At the time of the sale, plaintiff's mortgage was in default. Id. ¶41. After December 2009, the FDIC continued to act as receiver of AmTrust's remaining assets. See id. ¶¶26-28, 35. This included representing AmTrust's interest in plaintiff's mortgage. See id. ¶¶26-28. In October 2010, the FDIC assigned plaintiff's mortgage, but not the note, to Residential. Id. ¶35. The assignment was recorded with the Registry of Deeds on October 28, 2010. See id.

Thereafter, Residential initiated the process of foreclosing on plaintiff's mortgage. See id. ¶¶42-44. On October 29, 2010, acting as "servicer" for Am-trust-np Sfr Venture Llc, Spo3 ("Amtrust Venture"), Residential sent plaintiff a notice of default. See id. ¶42. On April 21, 2011, counsel for Residential notified plaintiff of its intention to foreclose. See id. ¶43. On September 7, 2011, Residential notified plaintiff of the foreclosure sale. See id. ¶44.

Seeking to prevent foreclosure on the Property, on October 4, 2011, plaintiff initiated the present action and filed an emergency motion for a temporary restraining order ("TRO"). Plaintiff alleged that the mortgage was obtained through fraud, deceit, and misrepresentation, which rendered the mortgage invalid, and that Residential lacked the authority to conduct a foreclosure by sale

because it had not received a valid assignment from the FDIC and/or because Residential was not the holder of the note. <u>See</u> Compl. ¶¶40-51. At a hearing on November 17, 2011, the court denied plaintiff's motion for a TRO. Residential subsequently foreclosed on the property. Am. Compl. ¶45.

On March 5, 2012, plaintiff filed the Amended Complaint asserting claims of fraud, deceit and misrepresentation (count one) and wrongful foreclosure (count two). Plaintiff also sought to disallow the bankruptcy claim (count three).

This action is plaintiff's second suit attacking the validity of her mortgage. The first action was an adversary proceeding before the Bankruptcy Court, initiated in 2009 after AmTrust filed a proof of claim as a creditor in plaintiff's Chapter 13 bankruptcy case ("Chapter 13 case"). <u>See</u> Am. Compl. ¶60. Plaintiff did not formally object to the claim in the Chapter 13 case but, instead, initiated an adversary proceeding against AmTrust, disputing the validity of the mortgage. <u>Id.</u> ¶61. On March 16, 2010, the FDIC was substituted for AmTrust as defendant in the adversary proceeding. <u>See id.</u> ¶26; Mar. 16, 2010 Order, Bankr. Ct. No. 09-01284. Before a final judgment was rendered in the adversary proceeding, plaintiff dismissed the case to pursue her claims against defendants here. <u>See</u> Am. Compl. ¶33. The instant matter, therefore, essentially replaced the adversary proceeding. After the commencement of this action, the Chapter 13 case was closed. <u>See</u>

Pl.'s Opp'n. 8.

On July 27, 2012, defendants filed the Motion to Dismiss. Plaintiff filed her opposition to the Motion to Dismiss on August 27, 2012, three days after the response deadline. On August 28, 2012, defendants filed a Motion to Strike plaintiff's opposition to the Motion to Dismiss as untimely.

III. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007); see also Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). The court must "neither weigh[] the evidence [n]or rule[] on the merits because the issue is not whether plaintiff[] will ultimately prevail, but whether they are entitled to offer evidence to support their claims." Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996). A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but does require "more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." Bell Atlantic, 550 U.S. at 555. A court may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008) (quoting Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 4 (1st Cir. 2007)) (internal quotation omitted); see also Penalbert-Roja v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (stating some factual allegations are "so threadbare or speculative that they fail to cross the line between the conclusory and factual").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atlantic, 550 U.S. at 570)) (internal quotation and citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 557)) (internal quotation omitted).

"Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the

6

complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (internal quotation omitted); see also Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). From this rule, the First Circuit makes "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3-4; see also Beddall v. State Street Bank and Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998) (when "a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)"). When such documents contradict an allegation in the complaint, the document trumps the allegation. See Clorox Co. P.R. v. Proctor & Gamble Consumer Co., 228 F.3d 24, 32 (1st Cir. 2000) (citing Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998)).

For allegations of fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard that requires a plaintiff to state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must allege "the who, what, where, and when of the allegedly false or fraudulent representation." Rodi v. S. New England Sch. of Law, 389

7

F.3d 5, 15 (1st Cir. 2004) (quoting Alt. Sys. Concepts, Inc. v. Synopsis, Inc., 374 F.3d 23, 29 (1st Cir. 2004) (internal quotation omitted)). A complaint that fails to meet these requirements is insufficient to survive a motion to dismiss. See id.

IV. ANALYSIS

In considering the Motion to Dismiss, the court is taking all factual allegations in the Amended Complaint as true. See Rodriguez-Ortiz, 490 F.3d 96. In addition, the court is considering the following documents: (a) the 2009 Purchase and Assumption Agreement between the FDIC and NYCB (Dec. 4, 2010); (b) Assignment of Mortgage by the FDIC to Residential (Oct. 28, 2010); (c) the FDIC Disallowance Letter to Lowenstern (Sep. 16, 2010); and (d) Banker. Ct. Docket, Case No. 09-01284. These documents are referred to in the Amended Complaint and/or are official public records and, accordingly, can be considered by the court in deciding the Motion to Dismiss. See Am. Compl.¶¶1-2, 26-29, 35-36, 62; Watterson, 987 F.2d at 34; Beddall, 137 F.3d at 16-17.

    A. Count One: Fraud, Deceit, Misrepresentation

The Amended Complaint alleges that plaintiff's mortgage should be invalidated because AmTrust obtained it through fraud, deceit, and misrepresentation in violation of §1692 of the FDCPA and Massachusetts foreclosure law. As AmTrust is not a party to this case, plaintiff seeks to impute AmTrust's alleged liability to defendants. Defendants seek dismissal of this claim, in part, for

8

failure to meet the pleading requirements of Federal Rule of Civil Procedure 9(b).[1] In her opposition, plaintiff argues that defendants' challenge is barred by res judicata because the adequacy of her fraud claim was adjudicated before the bankruptcy court, which denied a similar motion to dismiss. However, as explained below, issue preclusion does not prevent defendants from challenging the sufficiency of plaintiff's fraud claim here.

"The rules for res judicata, where a federal court is considering the effect of its own prior disposition of a federal claim on a newly brought federal claim, are a matter of federal law." AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005). "Issue preclusion requires that (1) both proceedings involved the same issue of law or fact, (2) the parties actually litigated that issue, (3) the prior court decided that issue in a final judgment, and (4) resolution of that issue was essential to judgment on the merits." Global NAPS, Inc. v. Verizon New England, Inc., 603 F.3d 71, 95 (1st Cir. 2010).

Denial of a motion to dismiss under Rule 12(b)(6) "ordinarily is not a final judgment that will support issue preclusion on the sufficiency of an identical complaint filed in a different action." Wright & Miller, 18A Federal Practice & Procedure §4439 (citing

---

[1] Defendants also argue that the Amended Complaint does not allege sufficient facts to impute AmTrust's liability to them. Because defendants' Rule 9(b) argument is meritorious, it is not necessary to decide the merit of this alternative ground for dismissal.

Schor v. Abbot Labs., 457 F.3d 608, 614-15 (7th Cir. 2006) (denying a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is not a final judgment and has no preclusive effect)). Accordingly, the decision of the Bankruptcy Court in plaintiff's adversary proceeding has no preclusive effect here, and the court may consider the adequacy of plaintiff's allegations in Count One.[2] As defendants' assertion that count one fails Rule 9(b)'s pleading requirements is not barred by issue preclusion, the court will now determine whether plaintiff has satisfied Rule 9(b).

As discussed earlier, when fraud claims are alleged, Federal Rule of Civil Procedure 9(b) requires plaintiffs to state "with particularity the circumstances constituting fraud or mistake." See Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996). "The hallmarks of fraud are misrepresentation or deceit." Ed Peters Jewelry Co. v. C&J Jewelry Co., 215 F.3d 182, 191 (1st Cir. 2000). Once again, in order to survive a motion to dismiss, a complaint alleging fraud must allege "the who, what, where, and when of the allegedly false or fraudulent representation." Rodi, 389 F.3d at 15 (quoting Alt. Sys. Concepts, 374 F.3d at 29) (internal quotation omitted)). A "fraud count [that] is almost wholly conclusory, and

---

[2] The court previously found this argument unmeritorious. Plaintiff raised the defense of issue preclusion as to this claim in support of her motion for a TRO. As the court ruled orally at the November 17, 2011 hearing, because denial of a motion to dismiss for failure to state a claim upon which relief can be granted is not a final judgment on the merits, the Bankruptcy court decision has no preclusive effect.

10

. . .lacking in specifics . . . . is too vague to meet the Rule 9(b) benchmark." Powers v. Boston Cooper Corp., 926 F.2d 109, 111 (1st Cir. 1991) (internal quotation omitted).

Here, the Amended Complaint alleges the following fraudulent conduct:

> In inducing [plaintiff] to enter into [several mortgage loan] transactions, the defendants and/or their agents made statements and promises that they knew or should have known to be false or deceptive. In particular, the defendants stated, or at least implied, falsely, that Lowenstern's income was sufficient to pay the required monthly payment.
>
> [Defendants] also misrepresented the cost of the loan, both in terms of the related closing costs and total amount she would have to pay.

Am. Compl. ¶¶51-52.

These allegations are not sufficient to meet the requirements of Rule 9(b) because they fail to identify the "the who, what, where, and when of the allegedly false or fraudulent representation[s]." Rodi, 389 F.3d at 15; see also McKenna v. Wells Fargo Bank N.A., 693 F.3d 207, 218 (1st Cir. 2012) (affirming dismissal of borrower's fraud claim where complaint did not specify "the time or place of the[] misrepresentations or their real content and, . . . [were] too vague to meet the particularity requirement of Rule 9"). In Rodi, the First Circuit held that the heightened pleading standard of Rule 9(b) was satisfied because the allegations of fraudulent misrepresentations were contained in letters from defendant that were attached to the complaint. See 389

F.3d at 15. Therefore, the pleadings were "unarguably specific as to speaker, content, context, and time." Id.

In this case, the allegations in the Amended Complaint do not provide any specifics regarding the speaker, the content of the alleged misrepresentations, or the time and place where the alleged misrepresentations took place. As such, the pleadings are too vague to survive the Motion to Dismiss. See Rodi, 389 F.3d at 15; McKenna, 693 F.3d at 218. Therefore, plaintiff's claim of fraud, deceit, and misrepresentation is being dismissed for failure to meet the particularity requirement of Rule 9(b).

    B.   Count Two: Wrongful Foreclosure

Plaintiff alleges that, at the time of the foreclosure sale, defendants lacked a right to possession in her mortgage in violation of §1692(f)(6) of the FDCPA and Massachusetts foreclosure law. Defendants seek dismissal of Count Two because plaintiff has not alleged sufficient facts to support a claim of wrongful foreclosure.

Establishing a violation of §1692(f)(6) of the FDCPA requires proof that a person or entity took "nonjudicial action to effect dispossession . . . of property. . . [without a] present right to possession of the property claims." 18 U.S.C. §1692f(6). "[W]hether there was a present right to possession under the FDCPA" is governed by state law. Speleos v. BAC Home Loans Servicing, 824 F. Supp. 2d 226, 233 (D. Mass. 2011). Therefore, in order to state a

viable claim under §1692(f)(6) of the FDCPA, a plaintiff must allege that defendant initiated foreclosure proceedings without the requisite possessory interest under state foreclosure law.

In Massachusetts, to be valid, a foreclosure by sale must comply with various statutory provisions, including, in particular, Massachusetts General Laws chapter 183, §21 and chapter 244, §14.[3] See Eaton, 462 Mass. at 571. "These statutes authorize a 'mortgagee' to foreclose by sale pursuant to a power of sale in the mortgage." Id. At the time of the notice of foreclosure in this case, October 29, 2010, the term "mortgagee" was defined under state law as a person or entity holding the mortgage but not, necessarily, the note. See id. at 588.[4] Therefore, a person or entity could lawfully foreclose pursuant to a power of sale holding

---

[3] Mass. Gen. Laws ch. 183, §21, provides, in relevant part, that "upon any default . . . , the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises."

Mass. Gen. Laws ch. 244, §14, requires a mortgagee initiating foreclosure proceedings, among other things, to publish notice of the foreclosure sale in a local newspaper and mail notice of the foreclosure sale to the owner of record within statutorily prescribed time periods.

[4] In Eaton, the SJC construed "the term ['mortgagee'] to refer to the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder." 462 Mass. at 571 (emphasis added). This new statutory construction was given prospective application and, therefore, applies only to foreclosures where the statutory notice of sale was provided after June 22, 2012. Id. at 588-89. In the instant case, plaintiff was provided with notice of sale on April 21, 2011, over one year before Eaton was decided. See Am. Compl. ¶44. Therefore, Eaton does not apply here.

only the mortgage but not the note. See id.

Similarly, an entity or person who was not the party to whom the property was originally mortgaged could lawfully foreclose "if [it was] the assignee[] of the mortgage at the time of the notice . . . and subsequent foreclosure sale." United States Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 648 (2011); see also Mass. Gen. Laws ch. 183, §21. For the assignment of a mortgage to be valid, it must have been made by the party that held the mortgage. See Ibanez, 458 Mass. at 651.

The Amended Complaint alleges that Residential lacked authority to foreclose on the property because it did not have a valid assignment from the FDIC. See Am. Compl. ¶57. Specifically, plaintiff asserts that the FDIC was not the entity holding the mortgage at the time of the assignment. See id. In support of this assertion, plaintiff alleges that prior to the October 28, 2010 assignment to Residential, the FDIC sold "all" of AmTrust's assets, including plaintiff's mortgage, to NYCB. Id. ¶36 (emphasis added). The 2009 Purchase and Assumption Agreement between the FDIC and NYCB (the "2009 Agreement") is central to this claim and was submitted to the court by plaintiff in support of her Motion for a TRO. Its authenticity is not disputed. It may, therefore, be properly considered in deciding the Motion to Dismiss. See Watterson, 987 F.2d at 3-4.

The 2009 Agreement states that the FDIC did not sell all of AmTrust's assets to NYCB. See 2009 Agreement, Sch. 3.5(n)(1)(a).

14

Pursuant to the terms of the 2009 Agreement, the FDIC excluded from sale, among other things, "approximately 5,156 non-performing residential loans." Id. The fact that the FDIC sold only some of AmTrust's assets to NYCB undercuts the plausibility of plaintiff's claim that the FDIC did not hold her mortgage at the time it made the assignment to Residential.

Plaintiff's allegation that Residential did not hold the mortgage at the time of the foreclosure sale because the FDIC had sold it to NYCB is rendered less plausible by other allegations in the Amended Complaint. First, plaintiff alleges that, at the time of sale to NYCB, her residential loan was in default and, therefore, non-performing. See Am. Compl. ¶41. As previously noted, about 5,156 non-performing residential loans were not assigned to NYCB. See See 2009 Agreement, Sch. 3.5(n)(1)(a). Plaintiff alleges that after the sale of AmTrust's assets to NYCB on December 4, 2009, the FDIC not only continued to act as receiver for AmTrust, but also continued to represent AmTrust's interests in plaintiff's mortgage. See Am. Compl. ¶¶26-28. For example, on March 16, 2010, over three months after the 2009 Agreement was executed, the FDIC substituted itself as defendant for AmTrust in plaintiff's adversary proceeding. See Am. Compl. ¶¶26-27; Mar. 16, 2010 Order, Bankr. Ct. No. 09-01284. In addition, on September 16, 2010, almost nine months after the alleged sale to NYCB, disallowed plaintiff's claim against AmTrust. See Am. Compl. ¶28.

As previously explained, a claim is plausible on its face

15

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that [] defendant[s] [are] liable for the misconduct alleged." Iqbal, 556 U.S. at 678. However, here, because the FDIC did not sell all of AmTrust's assets to NYCB, specifically excluded more than 5,000 non-performing residential loans, and continued to act as the entity with a possessory interest in plaintiff's mortgage, the court cannot draw the reasonable inference that the FDIC was not the party holding plaintiff's mortgage at the time it made the assignment to Residential. Plaintiff further alleges that her mortgage may have been held by "some other entity." Am. Compl. ¶57. However, this "bald assertion" and unsupportable conclusion may be disregarded by the court and, in any event, is insufficient to state a plausible claim. In re Citigroup, 535 F.3d at 52.

Because the Amended Complaint does not allege sufficient facts to state a plausible violation of Massachusetts foreclosure law or §1692(f)(6) of the FDCPA, the Motion to Dismiss is meritorious. See Bell Atlantic, 550 U.S. at 570; Iqbal, 556 U.S. at 678. Accordingly, plaintiff's claim of wrongful foreclosure is being dismissed.

    C.    Count Three: Disallowance of, or Reconsideration of, a Claim

Defendant has moved to dismiss Count Three, which requests that the court disallow, or reconsider, the allowance of AmTrust's claim in the Bankruptcy Court. Plaintiff does not oppose the


dismissal of Count Three. The court agrees that it is appropriate to do so.

### D. Motion to Strike Plaintiff's Opposition

Defendants have moved to strike plaintiff's opposition to the Motion to Dismiss as untimely. Parties who fail to timely respond to a motion to dismiss in accordance with the Local Rules of the United States District Court waive their right to oppose the motion. See Hall v. Gonfrade, No. 93-2368 1994 WL 527165, at *1 (1st Cir. 1994). However, the court has the discretion to consider a submission that is filed late and, in any event, must consider whether even an unopposed motion to dismiss should be granted under the applicable legal standards. See id. (citing Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451-52 (1st Cir. 1992)).

Defendants timely filed the Motion to Dismiss on July 27, 2012. Pursuant to Rule 7.1 (b)(2) of the Local Rules of the United States District Court for the District of Massachusetts, plaintiff had 14 days to file an opposition. On August 23, 2012, 13 days after the deadline, plaintiff filed a motion for extension of time to respond to the Motion to Dismiss and requested a new deadline of August 24, 2012. The court allowed the motion. Yet, plaintiff did not file her opposition until August 27, 2012, three days after the modified deadline. Despite plaintiff's multiple failures to meet filing deadlines, the court has considered the arguments made in her opposition. Accordingly, defendants' Motion to Strike is moot.

V.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Residential Credit Solutions, Inc. and New York Community Bank's Motion to Dismiss the First Amended Complaint (Docket No. 26) is ALLOWED and this case is DISMISSED.

2. Residential Credit Solutions, Inc. and New York Community Bank's Motion to Strike Plaintiff's Opposition to Their Motion to Dismiss (Docket No. 38) is MOOT.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE